IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KENTRELL D. ROMAN,**

        **Plaintiff,**

v.                                        Case 2:17-cv-2477-MSN-cgc

**APPLE, INC.,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendant Apple, Inc.'s Motion to Dismiss. (Docket Entry ("D.E." #15). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1] Defendant requests that the Court dismiss Plaintiff's Amended Complaint without prejudice pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure for failure to serve Defendant with the complaint and summons within ninety (90) days of the filing of the complaint pursuant to Fed.R.Civ.P 4(m) and for failure to properly serve Defendant pursuant to Fed.R.Civ.P 4.

Plaintiff filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (D.E. # 1 & 2.) On October 26, 2017, Plaintiff was granted leave to proceed *in forma pauperis*. (D.E. # 9)

---

[1] **Error! Main Document Only.**The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the court conducts a screening of the *pro se* complaint to determine whether or not summons shall be issued by the Clerk. No further action is required of Plaintiff or Defendant until the court has completed its screening of the complaint. In the event the court directs the Clerk to issue summons, process will be served by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). On October 25, 2018, the screening was completed and an order was entered to issue and effect service. (D.E. # 10) The Order directed the U.S. Marshal to make service "upon Defendant pursuant to Rule 4(h)" A review of the receipt indicates that this direction was not followed.

In a similar case in this district, Murrell v. Cracker Barrel 13-cv-02619-SHL-dkv, the defendant moved for dismissal based on insufficient service of process where the *pro se* plaintiff proceeded *in forma pauperis*. The summons in the case was mailed to the defendant, was not accompanied by a copy of the complaint, and was not received by an officer of the company nor an employee designated to receive service of process. In the report and recommendation by Chief Magistrate Judge Diane Vescovo, it was recommended that the Clerk of Court

> "be directed to reissue a summons to Cracker Barrel… and to deliver the summons along with a copy of the complaint, a copy of the Report and Recommendation and a copy of the Order to the U.S. Marshal for service; that service be made on Cracker Barrel Old Country Store pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure by delivering the summons and documents to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process; that all costs of service by advanced by the United States; and that Cracker Barrel's motion to dismiss be denied at this time."

Despite the fact that the plaintiff had not responded to the motion to dismiss, Judge Vescovo recommended that there was good cause for the plaintiff's failure to timely effect proper service

on Cracker Barrel. It is recommended that good cause also exists in this case for failure to timely effect proper service and that similar remedial efforts may be made.

Local Rule 12.1 provides that "[a] party opposing a motion to dismiss must file a response within 28 days after the motion is served." Plaintiff did not file a timely response. On February 20, 2019, the Court ordered Plaintiff to show cause within fourteen days of the entry of this Order as to why the Court should not consider the Motion to Dismiss and recommend that the District Court enter an Order granting it. To date, Plaintiff has not responded to the Court's Order to Show Cause.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Boudwin v. Graystone Insurance Co., 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988); Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir.1972) (per curiam).

Plaintiff had an opportunity to respond to the Motion and the Order to Show Cause and possibly avoid dismissal. Plaintiff has ignored the Court's orders and has failed to meaningfully participate in the case. While it is not recommended that the complaint be dismissed for lack of prosecution at this time, Plaintiff is cautioned that any future failure to participate in the case or to follow the orders of the Court may result in dismissal of his case without further notice.

Accordingly, it is RECOMMENDED that Defendant's Motion to Dismiss be DENIED at this time. It is RECOMMENDED that the Clerk of the Court be directed to reissue a summons to Apple, Inc. and to deliver the summons along with a copy of the Amended Complaint to the U.S. Marshal for service; and that service be made on Apple, Inc. pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure by delivering the summons and the documents to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; that all costs of service be advanced by the United States.

It is FURTHER RECOMMENDED that Plaintiff be cautioned that further failures to comply with orders of the court or to participate in this case may result in the dismissal of the complaint without further warning.

**DATED** this 14$^h$ day of March, 2019.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**